UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **SHERRY CARSWELL** | **CIVIL ACTION: 5:22-cv-1254** |
| **VERSUS** | **JUDGE:** |
| **GDR TRANSPORT, LLC, ET AL** | **MAGISTRATE JUDGE:** |

**NOTICE OF REMOVAL**

NOW COMES, **GDR TRANSPORT, LLC AND NORTHLAND INSURANCE COMPANY**, who file this Notice of Removal of this cause from the 1st Judicial District Court, Parish of Caddo, State of Louisiana, in which it is now pending, to the United States District Court for the Western District of Louisiana.  This removal is predicated upon the fact that there is diversity of citizenship between the parties in this litigation and the amount in controversy exceeds the federal jurisdictional amount, exclusive of interest and costs.

1. This case was commenced in the 1st Judicial District Court, Parish of Caddo, State of Louisiana, with citation and plaintiff's petition for damages setting forth the claim for relief upon which this action is based.  Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings and all orders of the court in the state action are attached hereto. Exhibit "1" *in globo.*

2. This action is one of a civil nature for alleged personal injury.

3. Upon information and belief, plaintiff is a citizen of the State of Louisiana and domiciled in Bossier Parish, as alleged in the petition.

4. GDR Transport, LLC. is a foreign limited liability company, incorporated in the State of Washington, and whose principal place of business is 20011 85th Avenue Court E, Spanaway, Washington, 98387-5027.  The Governors/Members of the

         LLC are Gil Rabara and Rosa Rabara, whose domicile is declared to be 20011 85th Avenue Court E, Spanaway, Washington, 98387-5027.

5. Northland Insurance Company is a foreign corporation, incorporated in the State of Minnesota with its principal place of business located at 385 Washington Street, St. Paul, Minnesota, and is wholly owned by its parent corporation, The Travelers Companies, Inc. that is incorporated in Connecticut with its principal place of business located at, One Tower Square, Hartford, Connecticut 06183.

6. Upon information and belief, defendant, GDR Transport, LLC was served long arm service on April 25, 2022.  Upon information and belief, defendant, Northland Insurance Company was served through the Louisiana Secretary of State on April 27, 2022.  All defendants consent to removal.

7. The above-described action is one over which this court has original jurisdiction under the provisions of 28 U.S.C. 1332, in that plaintiffs' counsel has pled in Paragraphs 8 and 9 of the Petition for Damages, that plaintiff, Sherry Carswell, has suffered serious injuries that will continue for an indefinite period of time, including excruciating pain, both mental and physical, together with the disability to engage in normal social, educational, economic, business and activities and fears that such conditions will be permanent.  Plaintiff, Sherry Carswell, claims past, present and future medical expenses, past, present and future pain, suffering, mental anguish, distress, and loss of social functions, past, present and future loss of wages and loss of earnings capacity, past, present and future loss of the ability to engage in her normal and usual social, recreational and family activity.

8. Paragraph 11 of Plaintiff's Petition for Damages states that the amount of dispute in this litigation exceeds $75,000.00, exclusive of interest and costs. Plaintiff's

counsel has supplied medical records showing imaging of the shoulder and lumbar spine and advising plaintiff is claiming aggravations to lumbar spinal disease, as well as possible shoulder and knee surgery as related to the accident and that his client is proceeding forward with one or both recommended surgeries.. Therefore, pursuant to the provisions of 28 USC 1441, this case can be removed to the United States District Court for the Western District of Louisiana as the amount in controversy is in excess of $75,000 based on the face of the petition and representations and there is diversity between the parties.

9. Article 893, Louisiana Code of Civil Procedure, requires that plaintiff indicate in the petition that the amount in controversy does not exceed $75,000.00. ***Ditcharo v. United Parcel Service, Inc.,*** 376 Fed. App. 432 (5th Cir. (La) 2010), states:

> Appellants further argue that the amount in controversy requirement was not satisfied because Appellants specifically limited their damages to less than $75,000 in their pleadings. "[I]f a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332's jurisdictional threshold, ... [t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount controversy does not exceed $75,000." FN5 *Grant,* 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938))). Plaintiffs may attempt to establish such "legal certainty" by submitting a " 'binding stipulation or affidavit' " with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold. *See De Aguilar,* 47 F.3d at 1412 (quoting *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

10. Article 893, La. Code of Civil Procedure states in pertinent part the following:

> "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages,** or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate."

Plaintiff indicated federal jurisdiction in the petition, which admitted that the amount in controversy is in excess of $75,000.00 in satisfaction the jurisdictional requirement herein.

RESPECTFULLY SUBMITTED:

**MARICLE & ASSOCIATES**

BY: /s/ Janice M. Reeves
**JANICE M. REEVES (#21237)**
#1 Sanctuary Blvd., Suite 202
Mandeville, LA  70471
Telephone:  (225) 924-9584
Facsimile:  (888) 341-8674

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been this date been forwarded to all counsel of record in this proceeding via United States Mail, facsimile and/or electronic mail, this 10th day of May, 2022.

BY: /s/ Janice M. Reeves
**JANICE M. REEVES**